UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
100 STATE STREET, ROOM 2500
ROCHESTER, NEW YORK 14614-1324

CHAMBERS OF
DAVID G. LARIMER
DISTRICT JUDGE

(585)  613-4040
FAX  (585)  613-4045

December 16, 2008

Eric A. Linden, Esq.
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Road
Suite 2500
Southfield , MI 48034-8214

Charles H. Helein, Esq.
Helein & Marashlian, LLC
The CommLaw Group
1483 Chain Bridge Road
Suite 301
McLean , VA 22101

Eugene Welch, Esq.
Harris, Chesworth, O'Brien, Johnstone, Welch & Leone
300 Linden Oaks
Suite 100
Rochester , NY 14625

Re:  *Global Crossing Bandwidth, Inc.v. Locus Telecommunication, Inc.*, 06-CV-6078L

Dear Counsel:

The Court is currently engaged in preparing a decision on the pending summary judgment motions in this case. In certain respects, however, the issues concerning the disputed charges for outbound calls to the United Kingdom (a/k/a "44-07 calls") do not appear to have been adequately addressed by the parties, and I believe that some supplementation of the record is required. The specific items to be addressed are enumerated in boldface below.

Based on the record as it now stands, it is the Court's understanding[1] that "44" is the country code for the UK, and that the prefix "7" is always used to indicate that the number being called is assigned to a wireless phone. Thus, if someone outside the UK wanted to call a wireless phone in the UK, the caller would enter "447," followed by the rest of the recipient's number. If someone were to call that same phone from inside the UK, the caller would enter "07," instead of "447," plus the rest of the number.

---

[1] If any part of the Court's understanding of the relevant facts is *in*correct, your responses should so advise.

Eric A. Linden, Esq., et al.
Page 2
December 16, 2008

The Court also understands that "4407" was not considered a valid code, but that some calls made by Locus customers using that code were nevertheless sent over Global's network to wireless phones in the UK. The reason, apparently, was that Global had configured its system to automatically convert "4407" calls into "447" calls. In other words, if the caller entered "4407," the call would be treated (and eventually billed) by Global as if the caller had entered "447," based on Global's belief that this would effectuate the caller's intent.

With that background in mind, your response should address the following questions:

**(1) What was the earliest date on which Locus became aware, or should have become aware, that its customers' 4407 calls were terminating at wireless phones in the UK?**

**(2) When did Locus discover that Global was billing Locus for those calls at wireless rates?**

**(3) Prior to Locus's becoming aware of those facts, what had Locus's understanding been concerning the way in which Global would handle calls made using the code "4407"?**

**(3) When did Locus *first* dispute these charges, and on what subsequent occasions did Locus dispute these charges? Were any such charges paid by Locus without being disputed?**

**(4) Prior to this lawsuit, did Global ever reject or deny Locus's disputes over these or other charges on the ground that Locus had not followed the proper dispute procedures? Were any of Locus's disputes over these charges granted or accepted by Global?**

**(5) Did the parties' Carrier Service Agreement address these types of calls (as opposed to the procedure for disputes concerning those calls) in any way? There does not appear to be any explicit reference in the contract to "4407" calls, but what is your position concerning whether or to what extent the agreement bears upon the propriety of Global's handling of, and billing for, these calls?**

In addition, the evidentiary record needs to be fleshed out. First, In a February 12, 2004 email to Jaimie Hubbard and Danielle Mostacciuolo at Global, Dillon Kim from Locus stated that "if you look at the hi-lited examples w/in the attached, you'll see that ... ." Kim then went on to argue that Global's listing of country and mobile codes was inconsistent and misleading. Dkt. #48-5 at 10.

The Court has been unable to locate the "attached" document referred to by Kim. Presumably this was a list of codes that Global had provided to Locus. In any event, it should be

Eric A. Linden, Esq., et al.
Page 3
December 16, 2008

made a part of the record.  **The parties are directed to submit a copy of this document to the Court if it is not already in the record, or if it is, to direct the Court's attention to where it may be found in the record.**

Similarly, the Carrier Service Agreement refers at some points to rates, fees and charges as set forth in attachments to the agreement.  *See*, *e.g.*, Agreement § 3.1; Agreement Amendment #2 § 9.  Again, **the parties are directed either to submit a copy of those rate and fee schedules to the Court, or to provide a citation to where they may be found in the present record.**  If those schedules are voluminous, you may submit only those portions that are relevant to the dispute here concerning charges for outbound calls to the UK.

You are directed to electronically file your responses with the Court no later than **January 9, 2009**.  A courtesy copy of your submissions should be sent to my chambers as well.

I assume that both parties have access to these documents and that you will jointly agree on the requested submissions.  So that someone is principally responsible, I place the burden on Global Crossing to initiate preparation of the response.

IT IS SO ORDERED.

                                            Very truly yours,

                                            David G. Larimer
                                            United States District Judge

DGL/ea